IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL ADAM BEATY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20CV279-ECM |
| | ) | (wo) |
| JEFFERSON S. DUNN, in his | ) | |
| individual capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the Plaintiff's motion for leave to file a third amended complaint. (Doc. 131).

**I.     FACTS AND PROCEDURAL HISTORY**

In this case, the Plaintiff, Daniel Adam Beaty ("Beaty"), has filed a complaint, an amended complaint, and a second amended complaint, and now seeks to file a third amended complaint.  This Court previously ruled on motions to dismiss the second amended complaint and gave Beaty additional time in which to file a third amended complaint which did not incorporate by reference any previous complaints, which separated out claims against each defendant, which complied with the *Federal Rules of Civil Procedure,* and was consistent with the Court's Memorandum Opinion and Order. (Doc. 130).  Beaty seeks leave to amend presumably because he seeks to add David Gallew ("Gallew"), Scott Sides ("Sides"), and Arnoldo Mercado ("Mercado") as parties, which is not expressly prohibited, but also not expressly permitted, by this Court's Order.

In ruling on the motions to dismiss, this Court specifically noted that Gallew, Sides, and Mercado were identified as "defendants" in the body of the second amended complaint, but that their names were not included in the caption of the second amended or original complaint, they were not docketed as parties, and had not been served with any complaint. (Doc. 130 at 2, n.1).  Consequently, the Court did not consider those individuals to be parties in the case. (*Id.*).

The original complaint listed Gallew, Sides, and Mercado as defendants and identified them as working for the ADOC Investigations and Intelligence Division ("I&I"). (Doc. 1 at 11).  The second amended complaint also listed them as defendants (doc. 105 paras. 34, 35, & 36), and alleged that they were assigned to investigate Beaty's assaults. (*Id.* at 11).  The second amended complaint further alleges that the investigation was inadequate and specifically pleads that Gallew conducted an inadequate investigation. (*Id.* para. 34).  The corrected proposed third amended complaint lists Gallew, Sides, and Mercado in the caption and contains additional facts regarding the investigation of Beaty's complaints. (Doc. 138-2 at 28).  For the first time, specific counts are asserted against Gallew, Sides, and Mercado in the proposed third amended complaint. (*Id.* at 78-9).

In his reply brief, Beaty characterizes his failure to list Gallew, Sides, and Mercado in the caption of previous complaints as an oversight.  He further represents in the brief, signed by his attorneys, that on or about May 8, 2020, counsel for the Department of Corrections agreed to accept service for "headquarters" employees, so Beaty thought that

service was waved for Gallew, Sides, and Mercado pursuant to FED. R. CIV. 4(d). (Doc. 138 at 7).

The Defendants oppose the amendment of the complaint, but their opposition is primarily to the naming of Gallew, Sides, and Mercado as Defendants.[1]  Upon review of the record, the briefs, and the law, and for the reasons to be discussed, the motion to amend is due to be GRANTED to the extent that Beaty will be allowed to file the corrected third amended complaint attached to his reply.

## II.     STANDARD OF REVIEW

Generally, leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a).  Rule 15(a) does not require an amendment where "there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties," or where the amendment would be futile. *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982).

## III.     DISCUSSION

Various Defendants have filed briefs in opposition to the motion to amend which raise overlapping arguments.  The Defendants oppose Beaty's amendment to add Gallew, Sides, and Mercado on several bases:   that the amendment violates the Court's Order because the Court previously stated that these three individuals were not parties in the case,

---

[1] In their opposition, the Defendants have pointed out that Culliver and Jones should have been removed from the failure to intervene claim in count II, but remain in that count and that Lovelace and McDonnell should have been removed entirely, but remain in the caption of the third amended complaint attached to Beaty's motion. (Doc. 137).  In response, Beaty has attached a proposed corrected third amended complaint to his reply that corrects these errors. (Doc. 138-2).

that these three individuals cannot be added now because the claims against them are time-barred, and that because Beaty has long been aware of the facts he relies on to bring claims against these three individuals, he unduly delayed in amending his complaint.[2]

First, although given leave by this Court to file an amendment within certain parameters, Beaty took the additional step of filing a motion for leave to amend, and attached the proposed third amended complaint, which includes Gallew, Sides, and Mercado in the caption. By filing this motion, Beaty asked for permission to do something not expressly permitted, but also not prohibited, by this Court's previous Order. Accordingly, the proposed third amended complaint does not violate the Court's Order giving leave to amend.

The next issue—futility—is presented as an issue of the application of relation back principles. That is, the Defendants have argued that Beaty's claims against Gallew, Sides, and Mercado are barred by the statute of limitations and are not saved by the relation back provisions of Rule 15(c) of the *Federal Rules of Civil Procedure*.

Pursuant to Rule 15(c), an amended complaint will relate back if the amendment changes the party against whom a claim is asserted; "arose out of the conduct, transaction,

---

[2] The Supreme Court has foreclosed that argument in the context of relation back. *See Krupski v. Costa Crochiere S. p. A.*, 560 U.S. 538, 553 (2010)(rejecting an argument that Rule 15 did not apply because the plaintiff had unduly delayed in seeking amendment). To the extent that the Defendants raise this argument outside of the context of relation back, the Court does not find that the amendment was unduly delayed. Beaty's motion was filed by the Court's deadline in a case in which no formal discovery has been conducted. *See, e.g., Haddix v. Tchrs. Ins. Co.*, 2019 WL 3323319, at *2 (M.D. Ala. 2019)(granting a motion to amend which did not violate deadlines and where no formal discovery had occurred).

4

or occurrence set out—or attempted to be set out—in the original pleading;" and, if within the time allowed for service, the party received notice of the action and knew or should have known that the action would be brought against it, but for the mistake in identity. FED. R. CIV. P. 15(c)(1)(C).

The Court is not persuaded by the Defendants' argument that the proposed claims against Gallew, Sides, and Mercado do not arise of the conduct or occurrence set out in the original pleading because their alleged actions occurred after the assaults of Beaty. As set forth above, the second amended complaint listed Gallew, Sides, and Mercado as defendants and identified them as working for I&I and being assigned to investigate Beaty's assaults. (Doc. 105 at 11). The second amended complaint also more specifically alleges that Gallew's investigation of Beaty's assaults was inadequate. (*Id.* para. 34). The claims in the third amended complaint, therefore, arose out of the same occurrence.

Another argument raised by the Defendants as to the applicability of Rule 15(c) merits further discussion, however. The Defendants argue that Rule 15(c) does not apply because Beaty does not seek to change a party, but instead seeks to name new individuals in the proposed third amended complaint and add those individuals to claims asserted against other defendants.

It is clear that Rule 15(c) applies when a plaintiff seeks to substitute a party for another defendant mistakenly named by the plaintiff. *See Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998). The Supreme Court, however, has clarified the focus of the application of Rule 15(c). *See Krupski*, 560 U.S. at 548. In *Krupski*, the Court reversed a

5

denial of relation back and held that question of the mistake in identity in Rule 15(c) is whether a defendant "knew or should have known that it would have been named as a defendant but for an error." *Id.* The focus of the rule is not on the reason that the plaintiff made a mistake in identifying a party, but on the party's notice that if the mistake had not been made, "the action would have been brought against him." *Id.* 559. The Court explained that the purpose of relation back is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the rules for resolving disputes on the merits. *Id.* at 550.

Another judge of this district has examined *Krupski* and concluded that its reasoning will allow the naming of an additional party, rather than strictly a substitution of parties. *See Oakley v. A.L. Logistics, LLC*, 2022 WL 301568, at *8 (M.D. Ala. Jan. 31, 2022). The court reasoned that under *Krupski*, "the kind of mistake contemplated by Rule 15 is simply 'some mistake' without which 'the action would have been brought against'" the new defendant. *Id.* The court rejected the idea that Rule 15(c) "limits relation back to scenarios where an entirely innocent party is substituted for a new party." *Id.* The court concluded that an amendment which added a party, but retained the previous defendant, related back because the general preference for deciding cases on the merits overrode the interest in repose. *Id.* at *8.

Applying that reasoning in this case, the Court finds unavailing the Defendants' argument that Beaty's motion fails because there is no substitution of parties. The proposed third amended complaint changes the party against whom claims are brought by adding

three defendants. Furthermore, but for the mistaken failure to list them in the caption, Gallew, Sides, and Mercado knew that they would have been defendants in the case, based on the allegations against them in the second amended complaint which was served on the Department of Corrections counsel. Under the reasoning of *Krupski*, therefore, Rule 15(c) applies, and the proposed third amendment to the complaint is not futile. *See also Howard v. City of New York*, 2006 WL 2597857, at *4 (S.D. N.Y. 2006)(applying Rule 15(c) relation back where defendant was named in the body, though not the caption, and corporation counsel represented all of the defendants).

The Court notes that the error here was Beaty's mistake in the identification of the parties in the caption of the second amended complaint, rather than a mistake in identifying the responsible party, which is different from the facts of the cases discussed. However, even if Rule 15(c) does not neatly apply in this case, Rule 15(a) does.

Generally, leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a). Under Eleventh Circuit law concerning *pro se* complaints, Rule 15(a) allows for amendment if a plaintiff fails to name a defendant in the caption of the complaint, but in the body of the complaint recounts specific details about the individual. *See Rizk v. Seminole Cnty. Sheriffs Dep't*, 2021 WL 3720056, at *1 (11th Cir. 2021)(citing *Wilger v. Dep't of Pensions & Sec. for State of Ala.*, 593 F.2d 12, 13 (5th Cir. 1979)). Obviously, Beaty is not proceeding *pro se*. However, the same reasoning applies in this case where the consistent intention to name Gallew, Sides, and Mercado as defendants is evident because Beaty listed these three individuals as "defendants," and included factual

7

allegations against them in the body of the complaints, but merely failed to list them in the captions of the complaints. Because Gallew, Sides, and Mercado had notice through Department of Corrections counsel that they were alleged to have conducted an inadequate investigation of the incident involving Beaty, because no formal discovery has commenced in this case, and because there has been no demonstrated prejudice against the opposing parties in allowing amendment, this Court alternatively finds that the motion to amend is due to be granted pursuant to Rule 15(a) because justice requires correction of the caption to accurately reflect that Beaty intended to proceed against Gallew, Sides, and Mercado as Defendants from the beginning. *See* FED. R. CIV. P. 15(a).

## IV. CONCLUSION

For the reasons discussed, the motion for leave to file a third amended complaint (doc. 131) is GRANTED to the extent that the Plaintiff is given until **August 1, 2022** to file the corrected third amended complaint which is attached to his reply (doc. 138-2).

DONE this 25th day of July, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE